IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:17cr_11٦٧ |
| | ) | |
| v. | ) | 18 U.S.C. § 371 (Conspiracy) |
| | ) | |
| EDWARD R. PRESTES, | ) | |
| | ) | |
| Defendant. | ) | |

FILED AUG 2 2 2017 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## CRIMINAL INFORMATION

The United States Attorney charges that:

Unless otherwise specified, at all times relevant to this Criminal Information:

### GENERAL ALLEGATIONS

1. The defendant, EDWARD R. PRESTES was a resident of Glen Allen Virginia. From in or about 2011 through in or about 2013, PRESTES was an agent for the following nominee corporations, incorporated in the Commonwealth of Virginia: Virginia American Contractors, LLC; Elson Contractors, LLC; Proactive Services, LLC; Positive Solutions, LLC; and Service Contractors, LLC, ("nominee corporations").

2. These nominee corporations all had the same address, a post office box in Glen Allen, Virginia. But, each nominee corporation had a separate bank account for which PRESTES was an authorized signatory.

3. Under the provisions of the Internal Revenue Code and associated regulations, an employer of labor is required to deduct and withhold certain employment taxes from an employee's earnings, under the Federal Insurance Contributions Act (hereinafter "FICA"), commonly known as Social Security taxes, in accordance with a fixed schedule. The employer must also match each employee's FICA contribution. In addition, the employer must withhold

federal income taxes from the employee's earnings. And, every quarter, the employer is required to file with the Internal Revenue Service an Employer's Quarterly Federal Tax Return, Form 941, reporting the gross wages paid to his employees; the amount of Social Security and income taxes withheld from each employee's earnings, and to pay to the IRS the amount withheld along with the employer's matching FICA contribution.

4. Business owners are required to issue an IRS Form 1099 to any vendor or sub-contractor paid $600 or more in a year, including each recipient's name, address, social security number, and the amount paid, and also to file a copy of the Form 1099 with the IRS.

A. The Conspiracy

5. From in or about January 2011 through in or about December 2013, in the Eastern District of Virginia, EDWARD R. PRESTES, and others known and unknown, knowingly combined, conspired, agreed and confederated with others known and unknown to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service of the Department of the Treasury in the ascertainment, computation, assessment and collection of the revenue, including individual income and employment taxes.

6. The purpose of the conspiracy was to evade the payment of income and employment taxes to the IRS for laborers working for various construction companies by paying such laborers "under the table."

B. The Ways, Manner, and Means of the Conspiracy.

The ways, manner, and means by which PRESTES and his conspirators sought to accomplish the conspiracy included, but were not limited to the following:

7. Various construction companies made regular payments to the nominee corporations.

8. PRESTES then distributed the funds from the nominee corporations to the laborers as directed by his conspirators. PRESTES would make these payments to laborers by both cash and check.

9. PRESTES did not withhold any income or employment taxes, issue Forms W-2 or 1099 to the laborers, or file quarterly returns (Forms 941) or yearly income tax returns for the nominee corporations as required by law.

10. At the end of each year, the construction companies issued IRS Forms 1099 to the nominee corporations and deducted the payments.

11. From in or about 2011 through in or about 2013, the construction companies paid over $9.2 million to the nominee corporations. PRESTES then paid the laborers approximately $2.8 million in cash and $6.3 million in checks. PRESTES kept as a commission approximately 2 ½ to 3 ½ percent of the funds he received from the construction companies.

12. As a result of this conspiracy, the conspirators evaded the payment of over $3 million in employment and income taxes owed to the IRS.

C. Overt Acts

13. In furtherance of the conspiracy and to achieve the illegal objects thereof, PRESTES and his conspirators committed and caused to be committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

    (a) On or about August 25, 2011, a construction company wrote a check to Virginia American Contractors, LLC for $42,091.

(b) On or about August 25, 2011, PRESTES withdrew $7,559 in cash from Virginia American's account and paid it back to the construction company, who thereafter used the cash to pay its laborers. On the same day, PRESTES wrote numerous checks directly to laborers working for the construction company.

(c) On or about June 14, 2012, a construction company wrote a check to Virginia American Contractors, LLC for S14,445.

(d) On or about June 14, 2012, PRESTES withdrew $9,240 in cash from Virginia American's account and paid it back to the construction company, who thereafter used the cash to pay its laborers. On the same day, PRESTES wrote numerous checks directly to laborers working for the construction company.

(e) On or about February 7, 2013, a construction company wrote a check to Virginia American Contractors, LLC for $32,113.

(f) On or about February 7, 2013, PRESTES withdrew $9,249 in cash from Virginia American's account and paid it back to the construction company, who thereafter used the cash to pay laborers. On the same day, PRESTES wrote numerous checks directly to laborers working for the construction company.

(In violation of Title 18, United States Code, Section 371.)

DANA J. BOENTE
UNITED STATES ATTORNEY

By: *David J. Maguire*
David T. Maguire
Assistant United States Attorney